16 N.J. Super. 520 (1951)
85 A.2d 222
LOUIS BERMAN, MARTIN ZUCKERMAN, SEYMOUR WEINSTEIN AND MEYER WEINER, PLAINTIFFS,
v.
BERGENFIELD PLAZA, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND SIMON TILCHIN INDIVIDUALLY AND T/A UNITED VARIETY CENTER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 11, 1951.
*522 Mr. Walter H. Jones, attorney for plaintiffs.
Mr. Emil M. Wulster, attorney for Bergenfield Plaza, Inc.
Mr. Abram Waks, attorney for defendant Simon Tilchin.
GRIMSHAW, J.S.C.
Plaintiffs and the defendant Tilchin are tenants of the defendant Bergenfield Plaza, Inc., in its shopping center located on South Washington Avenue, in the Borough of Bergenfield, Bergen County. Plaintiffs allege that the defendant Tilchin, with knowledge of restrictive covenants in plaintiffs' leases, is offering for sale items of merchandise the sale of which under the terms of their lease is exclusively reserved to the plaintiffs. They seek to enjoin such course of conduct by the defendant Tilchin. Our present concern is whether or not the plaintiffs are entitled to an interlocutory injunction.
It appears that on July 22, 1949, the plaintiffs Berman and Weiner leased the premises now occupied by them for use as a retail store "selling hardware and tools; paints, wallpaper and sundry products; electrical supplies, garden equipment and supplies; plumbing and roofing supplies, household furnishings, traffic appliance and supplies." The lease also contained a covenant as follows:
"39. The Landlord covenants and agrees that it will not rent any other store in the building of which the demised premises form a part, for any business which sells any of the products which this Tenant is permitted to sell, except as modified by paragraph `31' hereof."
Paragraph 31 reserves to the landlord the right to rent other stores "to a department store of a chain or having national *523 or three-state reputation which might sell one or more of the articles and merchandise mentioned herein."
On January 7, 1949, the plaintiffs Weinstein and Zuckerman leased the premises now occupied by them for use as a stationery store. This lease contained no restrictive covenant against the right of the landlord to lease other stores for similar purposes.
In September, 1950, Zuckerman and Weinstein leased additional premises for use as a stationery and toy store. This lease contained a covenant by the landlord not to open another stationery or toy store of similar type in the center.
On September 7, 1951, the defendant Tilchin leased the premises now occupied by him for use as a variety store. Among the items offered for sale by the defendant Tilchin are the following: toys, Christmas tree decorations, gift wrappings, shoe polishes and laces, flashlights, party goods, dish cloths, dish towels, Scotch tape, candles, plastic table cloths, ceramic gift articles, work gloves, rubber gloves, scissors, shelf paper and artists' brushes.
None of the leases was recorded. It is conceded, however, that before the execution of his lease, defendant Tilchin was shown the Berman and Weiner lease and his attention was called to the covenants contained in it. He is, therefore, bound by its provisions. Aiello Bros. v. Saybrook Holding Corp., 106 N.J. Eq. 3 (Ch. 1930).
In offering for sale shoe polishes and laces, flashlights, dish cloths, dish towels, Scotch tape, candles, plastic table cloths, work gloves, rubber gloves, scissors and shelf paper, defendant Tilchin is violating the rights of the plaintiffs Berman and Weiner under their lease. Against the sale of those articles an injunction will go.
The situation of the plaintiffs Zuckerman and Weinstein is different. Defendant Tilchin, under oath, has denied knowledge of the restrictive covenant in their lease when his lease was executed. No proof in contradiction was offered by the plaintiffs Zuckerman and Weinstein. Their application for an injunction will be denied.